UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James R. Rose, ) | Civil Action No.: 0:22-cv-02050-RBH |
| Petitioner, ) | |
| v. ) | **ORDER** |
| Warden, ) | |
| Respondent. ) | |

This matter is before the Court for review of Petitioner's objection to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing his 28 U.S.C. § 2254 petition as successive.[1]  ECF Nos. 15 & 17.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when

---

[1]  The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Court is mindful of its duty to liberally construe Petitioner's pro se filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court need only review for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### **Discussion**

Petitioner previously filed a § 2254 petition challenging his state murder conviction and life sentence, and this Court dismissed the petition with prejudice after finding his claim (prosecutorial misconduct) was procedurally defaulted. *See Rose v. Warden*, No. 0:20-cv-02921-RBH, 2021 WL 1540923 (D.S.C. Apr. 19, 2021), *appeal dismissed*, No. 21-6908, 2021 WL 4860341 (4th Cir. 2021).

Petitioner has now filed a second § 2254 petition raising a different claim (an allegedly erroneous jury instruction) but challenging the same conviction and sentence. ECF No. 1. The Magistrate Judge recommends summarily dismissing the petition as successive. ECF No. 15. *See In re Gray*, 850 F.3d 139, 140 (4th Cir. 2017) ("[A] petitioner incarcerated pursuant to a state judgment cannot bring a 'second or successive' motion for federal habeas relief without authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)."); *id.* at 141 ("[T]he phrase 'second or successive' in § 2244(b) applies to the habeas petition itself, not to the petition's individual claims.").

In his objection, Petitioner contends his instant § 2254 petition should not be dismissed because his prior "habeas petition was dismissed without adjudication on the merits for failure to exhaust state remedies." ECF No. 17 at p. 2. However, as explained above, the Court dismissed the prior petition

2

with prejudice based on procedural default—*not* exhaustion.[2]  "[D]ismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011); *see, e.g.*, *id.* at 380 ("[T]he district court's dismissal of Harvey's original habeas petition for procedural default was a dismissal on the merits. Harvey's current petition is accordingly a successive petition for a writ of habeas corpus."); *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (same). Accordingly, Petitioner's instant § 2254 petition is successive, and the Court will dismiss it without prejudice.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the

---

[2] It appears Petitioner is conflating exhaustion with procedural default. "[W]hen a first petition is dismissed without prejudice for failure to exhaust state remedies, a subsequently filed petition is not 'second or successive.'" *Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002). "Conversely, when a prior petition is denied because the claim raised is procedurally defaulted (i.e., the petitioner failed to raise the claim on direct appeal and has not made a showing of cause and prejudice for that failure), the denial is 'on the merits,' rendering a subsequently filed petition 'second or successive.'" *Id.*; *see also Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) ("[D]ismissal of a habeas claim on the ground that it was procedurally defaulted differs crucially from a dismissal for failure to exhaust state remedies. Dismissal for a procedural default is regarded as a disposition of the habeas claim on the merits. This means that any future presentation of the claim would be a second or successive habeas petition, requiring authorization by [the appropriate court of appeals] pursuant to 28 U.S.C. § 2244(b)(3)(A)." (internal quotation marks and citation omitted)).

3

petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objection, **ADOPTS** the R & R, and **DISMISSES** Petitioner's § 2254 petition *without prejudice* and without requiring Respondent to file a return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
October 28, 2022

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge